■    In the Matter of the Estate of FLOYD HOLMES, Deceased, Respondent, against J. C. PENNY COMPANY et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Employer and carrier appeal from an award for disability and for death benefits charged equally against appellants and Special Funds Conservation Committee. Decedent first sustained a compensable right inguinal hernia in 1935, which was surgically corrected. In 1941 he sustained a recurrence of the right inguinal hernia and a new left inguinal hernia, both of which were repaired. At that time a carrier other than the Travelers was on the risk and it is conceded that Special Funds stands in the place and stead of that carrier for reasons not involved in this appeal. In 1950, while the Travelers was on the risk, decedent sustained a new umbilical hernia and it was found that he also suffered from a recurrence of both inguinal hernias. All three

were repaired. In 1951 decedent sustained a recurrence of all three hernias. The umbilical hernia sustained in 1950 was repaired in March of 1952, and there is no evidence in the record that this hernia caused any more trouble or disability subsequent to May 12, 1952. In 1953 decedent underwent operations for the repair of both inguinal hernias, and these operations indirectly caused his death. The record is clear that there is no connection or relationship between the umbilical hernia sustained in 1950 and the inguinal hernias. There is unrefuted evidence that the umbilical hernia sustained in 1950, or its repair in 1952, had nothing to do with decedent's death. We find nothing in this record to support the finding of the board that decedent's death was causally related to all three hernias sustained in 1941 and 1950. The undisputed evidence relates the death only to the 1941 accident. There is no basis in the record for charging 50% of the award for disability subsequent to May 12, 1952, or 50% of the award for death benefits, to the appellants. Award reversed, with costs to appellants, and the matter remitted to the Workmen's Compensation Board. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.